IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PAUL G. ANGELEY, | ) | C.A. No. 9:03-2365-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the undersigned upon legal counsel for the plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), following a fully favorable decision in the plaintiff's social security case. (Doc. # 28). Specifically, legal counsel seeks approval of a fee of $11,884.28 in accordance with his written fee agreement with the plaintiff. (Doc. # 24). The defendant opposes this petition because: (i) it is untimely; and (ii) it is not reasonable. (Doc. # 30).

As the undisputed record reflects, judgment was entered in favor of the plaintiff on September 16, 2004. As such, the Commissioner had sixty (60) days within which to appeal from the judgment. *See* Federal Rule of Appellate Procedure 4(a)(1)(B). Therefore, under Local Rule 83.VII.07(A), plaintiff's attorney was required to file a fee petition by January 14, 2005. This was not accomplished. To the contrary, the instant motion was not filed until February 3, 2005.

However, plaintiff alleges, and the undersigned agrees, that the delay in filing the fee petition in the instant case was due, in part, to the defendant's delay in providing the plaintiff with the notice(s) of award necessary for calculation of the instant fee petition. Therefore, pursuant to Local Civil Rule 1.02 DSC and for "good cause shown," the court modifies Local Civil Rule 83.VII.07(A) DSC, in this case, to require only that the instant fee petition be filed within a "reasonable time" after notice of a favorable decision is received. The undersigned also concludes that the instant fee petition was timely filed in this case, since it was filed within a "reasonable time" after notice of the favorable decision was received.

Furthermore, the undersigned next addresses the "reasonableness" of legal counsel's request for attorney's fees and costs. As stated above, legal counsel seeks approval of a fee of $11,884.28 in accordance with his written fee agreement with the plaintiff. The defendant opposes this request.

The United States Supreme Court in <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002) recently held that 42 U.S.C. § 406(b) does not displace contingent-fee agreements by which fees are set for successfully representing claimants in social security cases. In so holding, the Supreme Court precluded evaluating § 406(b) fee petitions under the traditional "lodestar" method where the number of hours reasonably devoted to each case is multiplied by the reasonable hourly fee. <u>Id</u>. Instead, § 406(b) requires that this Court review contingency fee agreements "as an independent check to assure that they yield reasonable results in particular cases." <u>Id</u>.

As the record reflects, and as a result of the fully favorable decision, the claimant became entitled to approximately $ 49,646.70 in back due and owing social security and/or supplemental security income benefits. By agreement, the plaintiff had previously entered into a 25% contingency fee arrangement with her legal counsel. Legal counsel now requests that he be compensated in the amount of $11,884.28 (approximately 24% of the due and owing benefits).

Based upon the undersigned's review of this case, the undersigned concludes that the requested attorney fee is reasonable. Importantly, legal counsel for the plaintiff is an experienced attorney. As well, the results obtained in this case demonstrate a significant benefit to the plaintiff. Absent legal counsel's representation of the plaintiff, the plaintiff likely would not have obtained such a favorable result. Plaintiff's legal counsel risked not being paid at all if the results had been unfavorable. If the plaintiff prevailed, counsel expected, and the plaintiff agreed, that counsel would be compensated at the rate of 25% of all back due and owing monies.

Finally, other courts which have considered the issue of similar fee requests have also concluded that such fee requests were reasonable. In fact, other district courts have concluded that substantially greater hourly fee rates have been deemed reasonable in light of the results obtained. *See eg.* Brown v. Barnhart, 2003 WL 21543831 (W.D. Va. 2003) (approving fee of $6,000.00 at the rate of $977.14 per hour); Thompson v. Barnhart, 240 F. Supp.2d (W.D. Va. 2003) (approving fee of $9,447.25 at the rate of $933.52 per hour); and Claypool v. Barnhart, 294 F. Supp.2d 829 (S.D. W.Va. 2003) (approving fee of $18,000.00 at the rate of $1,433.12 per hour). Although the defendants suggest that the instant fee request is

unreasonable, sufficient persuasive case law has not been provided in this regard. Therefore, plaintiff's motion for attorney's fees is granted.

In sum, **IT IS HEREBY ORDERED** that the plaintiff's petition for attorney's fees is **GRANTED** in the amount of $11,884.28 (Doc. # 28).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

April 22, 2005
Florence, South Carolina